Cancel v Flora Vista, L.P. (2025 NY Slip Op 51948(U))

[*1]

Cancel v Flora Vista, L.P.

2025 NY Slip Op 51948(U) [87 Misc 3d 133(A)]

Decided on December 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through December 12,
2025; it will not be published in the printed Official Reports.

Decided on December 11, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

571289/25

Gladys Cancel, Plaintiff-Appellant,

against

Flora Vista, L.P. and Melissa Mahone,
Defendants-Respondents.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the
City of New York, New York County (Anna R. Lewis, J.), entered June 4, 2025, in favor
of defendants dismissing the action.

Per Curiam.

Judgment (Anna R. Lewis, J.), entered June 4, 2025, affirmed, without costs.

Our review of the record satisfies us that the dismissal of plaintiff's claim
accomplished substantial justice between the parties consistent with substantive law
principles (see CCA §§ 1804, 1807). A fair interpretation of the
evidence supports the finding that plaintiff failed to establish any basis to impose liability
on defendant Flora Vista, LP for the value of furniture that was either lost or stolen from
an apartment that defendant leased to a deceased, nonparty tenant. As noted by the trial
court, the "disputed property was in an apartment rented to another person, who died, and
for whom [plaintiff] was not the guardian, next of kin, administrator or executor of the
decedent's estate." Moreover, the trial court properly concluded that plaintiff's testimony
as to "who took the furniture and other items was speculative" and that she did not prove
any "contractual relationship" or privity with decedent's landlord.

Although Civil Court held that it lacked personal jurisdiction over defendant Melissa
Mahone, an Alabama resident, because she was not properly served, the claim against her
is properly dismissed on the ground that the Small Claims Court lacked jurisdiction over
the claim against her because she neither "resides, or has an office for the transaction of
business or a regular employment, within the city of New York" (see CCA §
1801; see also Iken v Palm
Hotel, 84 Misc 3d 126[A], 2024 NY Slip Op 51347[U] [App Term, 1st Dept
2024]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: December 11, 2025